chased there, loaded into lighters, and brought and delivered f. o. b. plaintiffs' dock at the contract price. We state in conclusion as follows:

First. Plaintiffs, having purchased merchandise then in the harbor of New York, available for delivery before the date when defendant refused to deliver, are entitled to the difference between the contract price and the current or market price for lumber available for delivery on November 16, 1914.

Second. If the lumber could have been purchased afloat within what is recognized as being the port of New York, in its commercial, and not geographical or political, sense, this is the market price to be taken, but not the market price for lumber to be brought from the South at some indefinite time.

Third. If there was no available market for lumber afloat, then resort should be had to any other available market, and this means a market where there is a current or market price for lumber of the kind and quantity specified in the contract, without regard to whether it comes from yards or vessels.

The judgment is reversed, and a new trial ordered, with $30 costs to the appellants to abide the event. All concur.

---

## In re HAYES' ESTATE.

(Supreme Court, Appellate Division, First Department.  April 20, 1916.)

1. EXECUTORS AND ADMINISTRATORS ⬖35(17)—REMOVAL—DECREE—STATUTE.

Decree removing an executor for failure to comply with a decree of the Surrogate's Court, authorized by Code Civ. Proc. § 2569, subd. 3, must adjudicate or recite either that the refusal of the executor to comply with the decree was willful or that his failure or neglect so to do was without cause.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 257; Dec. Dig. ⬖35(17).]

2. EXECUTORS AND ADMINISTRATORS ⬖35(17)—DECREE FOR REMOVAL—FORM.

Where the citation, issued to an executor on his coexecutor's petition, required the executor to show cause why an order should not be made directing him to countersign checks with his coexecutor, "or, upon refusal, to be removed as such coexecutor, and for such other relief as may be just in the premises," the decree for removal should have been in the alternative, requiring the executor to comply with the former decree of the court within a time specified, and, in default thereof, that he be removed and his letters revoked.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 257; Dec. Dig. ⬖35(17).]

Dowling and Davis, JJ., dissenting.

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the estate of John Hayes. From a decree removing John R. Hayes as one of the executors, and revoking the letters testamentary issued to him, and directing him to

⬖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

file and judicially settle his account as executor, he appeals. Decree amended and affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Edwin V. Guinan and T. L. A. Britt, both of New York City, for appellant.

Antonio Ferme, of New York City, for respondent.

LAUGHLIN, J. [1] The decree, according to the recitals therein, was based on the failure, neglect, and refusal of the appellant to obey the order and direction contained in a decree in this proceeding, dated and entered on the 7th day of June, 1915; and it is claimed that it was authorized by section 2569, subd. 3, of the Code of Civil Procedure. That section authorizes the removal of an executor where a citation has been issued, upon a petition as therein provided, requiring him to show cause why such a decree should not be made "where he has willfully refused, or, without good cause, neglected, to obey any lawful direction of the surrogate contained in a decree or order, or any provision of law relating to the discharge of his duty." The decree contains no adjudication or even recital that the refusal of the appellant to comply with the decree was *willful,* or that his failure or neglect so to do was *without good cause,* one of which we think was a prerequisite to the granting of such a decree. Moreover, we are of opinion that the decree should have been in the alternative, requiring him to comply with the former decree of the court within a time specified, and in default thereof that he be removed and his letters revoked.

[2] The petition, upon which the citation issued, was made by the appellant's coexecutor. It showed, among other things, that a decree was made in this proceeding on the 17th day of September, 1913, which provided that the appellant's coexecutor was entitled to be reimbursed from the estate the sum of $1,219.92 for moneys expended by him personally in preserving the estate, and the further sum of $292.22, as commissions, making a total of $1,512.14; that at that time the executors had no funds from which said amounts could be deducted; that subsequently the sum of $1,287.64 was received by the executors and deposited in the Fifth National Bank to the credit of the estate, which could be withdrawn only on a check signed by both executors; that the appellant refused to sign a check for the reimbursement of his coexecutor, on the ground that the decree did not contain a specific direction requiring both executors to join in making the payment, and on that ground a former application requiring the appellant to show cause why he should not join in drawing a check, or be removed, was denied; and that subsequently, and on the 7th day of June, 1915, the former decree was amended by incorporating therein an express provision requiring both executors to make the payment. The petition prayed that a citation issue requiring the appellant to show cause why he should not, as executor, sign checks for such payment in accordance with the decree of June 7, 1915, or be removed as executor. The citation issued on the petition required the appellant to show cause why an order should not be made directing him to countersign checks.

with his coexecutor for the payment of the indebtedness due to his coexecutor "or upon refusal to be removed as such coexecutor, and for such other relief as may be just in the premises." On the return of the citation, the appellant defaulted, and when his attention was drawn thereto by a notice of settlement of a proposed decree reciting his default he claimed that the citation had not been served upon him. The default was then opened by consent, and the motion was restored to the calendar for hearing, and evidently was heard the next day; but, so far as appears, no order was entered thereon.

The appellant then, upon an affidavit showing, among other things, that the citation was not served upon him, that he had not sufficient time before the argument of the motion on the default being opened to prepare an affidavit in opposition, that he had not refused to sign a check after the decree had been so amended on the 7th day of June, 1915, that he had been advised by counsel that there should have been an intermediate accounting after the money was received by the executors before they were warranted in disbursing it, that he had acted in good faith and with a view to protecting the interests of the estate, in which minors were the principal beneficiaries, that he had never willfully disobeyed any order of the court, and never intended so to do, and that he was ready and willing to comply with any direction which the court may see fit to make, obtained an order to show cause why there should not be a reargument of the motion, and a stay of proceedings. The decree from which the appeal is taken was made on the reargument of the motion. On such reargument an affidavit was presented tending to show that there was an error in the affidavit of service of the citation with respect to the place of service, but that service was actually made at another place, and to the effect also that the appellant's objection that there should be an intermediate accounting was not made in good faith, for the reason that he had signed not less than 12 other checks for the withdrawal of money subsequent to the making of the decree in 1913.

We are of opinion that from the form of the citation the appellant was entitled to be afforded an opportunity to sign the check, upon the court's deciding that it was his duty so to do, before being removed. The decree, therefore, should be amended, so as to require him to sign and deliver to his coexecutor, or to the attorney for the latter, a check for the payment of his coexecutor in an amount not in excess of the amount to the credit of the estate, within 24 hours after the service of the decree as so amended upon his attorney, and that upon proof of his failure so to do, an ex parte order may be entered removing him and revoking his letters testamentary, and, as so amended, affirmed, without costs. Settle order on notice.

CLARKE, P. J., and PAGE, J., concur. DOWLING and DAVIS. JJ., dissent.